ANDREW ARTHUR *vs.* ALFRED FLANDERS.

n officer seizing, under a search warrant duly issued for intoxicating liquors, liquors not described in the warrant, is liable to an action by the owner thereof, notwithstanding *St.* 1855, *c.* 215, § 38.

ACTION OF TORT for taking intoxicating liquors out of the plaintiff's dwelling-house under a warrant issued to the defendant by a justice of the peace, pursuant to *St.* 1855, *c.* 215, § 25

and which were afterwards ordered by the justice, for want of a sufficient description of them in the warrant, to be returned to the plaintiff. The defendant contended that, as the plaintiff had not proved that the liquors were legally kept, he was within the provision of *St.* 1855, *c.* 215, § 38, that " no action shall be had or maintained against any sheriff, deputy sheriff, chief of police or deputy chief of police, or constable, or their assistants, for executing any warrant or order issued under this act by any justice or court competent to try the same ; nor shall any action be had or maintained against any officer for seizing, detaining or destroying any intoxicating liquor, or the vessels containing it, unless such liquor and vessels were legally kept by the owner thereof." But THE COURT were of opinion, that the defendant, because he took articles not mentioned in the warrant, was a trespasser, and liable to this action. See *Ewings* v. *Walker*, 9 Gray, 95. *Judgment for the plaintiff.*

*S. B. Ives, Jr.,* for the plaintiff.

*W. C. Binney,* for the defendant.